UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MATTHEW LOLLIS, | No. 1:18-cv-00843-DAD-SKO |
| Petitioner, | |
| v. | ORDER GRANTING PETITIONER'S REQUEST FOR VOLUNTARY DISMISSAL |
| JHON SUTTON, | (Doc. Nos. 7, 29, 30) |
| Respondent. | |

Petitioner William Matthew Lollis is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

On January 24, 2019, the assigned magistrate judge issued findings and recommendations, recommending that the petition be denied and that a certificate of appealability not issue. (Doc. No. 29.) The findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within thirty days after service. (*Id.* at 19.) Plaintiff did not file objections to the findings and recommendations, and the time in which to do so has now passed. Instead, plaintiff filed a notice of voluntary dismissal, stating that he wished to voluntarily withdraw his petition "so that he may exhaust unexhausted state remedies." (Doc. No. 30.) In response, the assigned magistrate judge noted that under Rule 41(a)(1)(A)(ii), petitioner

1

was entitled to voluntarily dismiss his petition if both parties stipulated to dismissal. (Doc. No. 31.) Accordingly, the magistrate judge directed respondent to notify the court whether he would stipulate to voluntary dismissal. (*Id.*) On March 14, 2019, defendant responded and indicated that he would not stipulate to voluntary dismissal. (Doc. No. 32.)

Because respondent has not stipulated to dismissal, and because respondent has already filed its answer, dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i)–(ii) is unavailable to petitioner. The court therefore analyzes whether voluntary dismissal is proper under Rule 41(a)(2).[1] That provision states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." In the Ninth Circuit, district courts are instructed to grant such motions "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Notably, "[u]ncertainty because a dispute remains unresolved" or because "the threat of future litigation . . . causes uncertainty" is not legal prejudice. *Id.* at 96–97.

Here, respondent has offered no explanation as to how voluntary dismissal would be in any way prejudicial. Respondent bears the burden of demonstrating prejudice, *see Smith*, 263 F.3d at 975, but respondent's notice to the magistrate judge provided no explanation as to why he declined to stipulate. Accordingly, the court will grant petitioner's request.

For these reasons,

1. Petitioner's request for voluntary dismissal (Doc. No. 30) is granted pursuant to Rule 41(a)(2);

---

[1] Rule 12 of the Rules Governing Section 2254 and 2255 Cases provides that the Federal Rules of Civil Procedure apply to proceedings under these Rules "to the extent that they are not inconsistent with any statutory provisions or these rules." The court is unaware of any rule that runs contrary to Federal Rule of Civil Procedure 41 and finds that it is applicable in this federal habeas action, a conclusion reached by numerous other courts. *See, e.g.*, *Williams v. Clarke*, 82 F.3d 270, 273 (8th Cir. 1996); *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993); *Orozco v. Cal. Dep't of Corr.*, No. CV 17-9012-AB (PLA), 2017 WL 6626637, at *4 n.8 (C.D. Cal. Dec. 28, 2017); *Perez v. Perez*, No. CV 14-8168-DSF PLA, 2015 WL 1275320, at *1 (C.D. Cal. Mar. 16, 2015).

2. The findings and recommendations issued on January 24, 2019 (Doc. No. 29) are terminated as having been rendered moot;

3. Petitioner's motion for witness testimony (Doc. No. 7) is denied as moot;

4. This action is dismissed without prejudice; and

5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 28, 2019**

UNITED STATES DISTRICT JUDGE